RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
6/24/15
YT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM B. FREEMAN (#25555-064) | DOCKET NO. 15-CV-1669, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner William Bernard Freeman filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner attacks his conviction and sentence imposed in the Western District of Oklahoma.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History*

Petitioner was convicted of bank robbery and sentenced to serve a 210-month term of imprisonment. United States v. Freeman, 451 Fed.Appx. 783, 784 (10th Cir. 2011). His conviction was affirmed on appeal. Id. at 796. On June 27, 2012, Petitioner filed a motion seeking a new trial pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure. On the same day, he also filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. See United States v. Freeman, 516 F. App'x 696 (10th

Cir. 2013) cert. denied, 134 S. Ct. 1955, 188 L. Ed. 2d 974 (2014). The court entered a written order and separate judgment denying both motions on October 9, 2012. Id. The Tenth Circuit affirmed the conviction and sentence. Id., cert. denied, 134 S.Ct. 1955, (Apr. 28, 2014).

Petitioner has now filed a petition for writ of habeas corpus under §2241 claiming that, pursuant to United States v. Rosemond, 134 S. Ct. 1240 (2014), he may have been convicted of a non-existent offense. [Doc. #1]

### Law and Analysis

A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). 28 U.S.C. §2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001).

Section 2255(e) provides that "[a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply

for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). *Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court.* Petitioner has not obtained permission from the Tenth Circuit Court of Appeals to file a successive 2255 motion.

A prisoner may use Section 2241 as the vehicle for attacking his conviction if it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the

3

inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under 2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). **Petitioner cannot meet the first requirement.**

Petitioner claims that, pursuant to United States v. Rosemond, 134 S. Ct. 1240 (2014), he may have been convicted of a non-existent offense. In Rosemond, which was decided on direct rather than collateral review, the Supreme Court did not hold that its decision represented a new rule of law. A "new rule" is one that "breaks new ground," "imposes a new obligation on the States or the Federal Government," or is otherwise **not** "dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989). Indeed, the Supreme Court was clear that its Rosemond holding **was** dictated by established precedent. Rosemond, 134 S.Ct. at 1248-1249.

Moreover, a new rule of constitutional procedure decided after

4

a defendant's conviction becomes final generally may not be applied to that defendant's case on collateral review. See Teague, 489 U.S. at 310-311. While there are two exceptions to Teague, Rosemond does not fall within either of them. See Martinez v. U.S., 2014 WL 3361748 (N.D.Tex.)(citing Schriro v. Summerlin, 542 U.S. 548, 351-352). Rosemond did not announce a new "substantive" rule, namely a rule that places any individual conduct beyond the power of the United States to punish, or that prohibits the imposition of any type of punishment. Id. at 352. Furthermore, the rule announced in Rosemond does not qualify as a "watershed rule of criminal procedure, implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (internal quotation marks and citations omitted).

Additionally, since the Rosemond decision, the Supreme Court has not held that Rosemond applies retroactively, and no circuit court has given Rosemond such effect. Because Rosemond is not a retroactively applicable Supreme Court decision, Petitioner cannot show that §2255's remedy is inadequate or ineffective.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition under §2241 be **DENIED AND DISMISSED** for lack of jurisdiction. Petitioner must obtain permission from the Tenth Circuit Court of Appeals prior to filing a second or successive §2255 habeas corpus petition in the court of conviction.

5

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE